UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| THOMAS JEWELL CARR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:19-CV-P449-CHB |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER GRANTING** |
| METRO GOV'T, *et al.*, | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Louisville Metro Government,[1] by counsel, filed a Motion for Summary

Judgment. [R. 24]. Plaintiff Thomas Jewell Carr, proceeding *pro se*, filed a Response[2] [R. 31],

which the Clerk of Court docketed as a "Motion," presumably because Plaintiff seeks evidence/

discovery therein. Defendant filed a Reply. [R. 32]. For the reasons that follow, Defendant's

Motion for Summary Judgment will be granted, and Plaintiff's Motion for Evidence/Discovery

will be denied.

# I.

Plaintiff, now incarcerated at the Eastern Kentucky Correctional Complex, was an inmate

at the Louisville Metro Department of Corrections ("LMDC") when he filed the Complaint in

---

[1] Plaintiff named "Metro Government" as a defendant in this case. That defendant is Louisville Metro Government and is referred to herein by its full name.

[2] The docket sheet reflects an earlier-filed Response by Plaintiff. [R. 26]. That Response, however, was not to the Motion for Summary Judgment but to a Court Order, [R. 25], providing Plaintiff with another opportunity to file a response to Defendant's Motion for Summary Judgment. In that Response, he advises that he did not receive the Motion for Summary Judgment and asks for a copy of that Motion be sent to him for his review and proper response. [R. 26]. Defendant filed a Notice, [R. 29], indicating that it would mail a copy of its Motion for Summary Judgment to Plaintiff. Plaintiff then filed a "Memorandum in Support of Summary Judgment response on behalf of Plaintiff," [R. 31], which this Court construes as a Response to Defendant's Motion for Summary Judgment, as well as a Motion for Evidence/Discovery. That filing indicates that Plaintiff received a copy of Defendant's Motion. *See, e.g.*, [R. 31, p.2].

this case. [R. 1].  In the Complaint, he named as Defendants the Louisville Metro Government, the LMDC, and, in their official capacities, LMDC Corrections Officer Perez and LMDC Sgt. Lopez, and he raised claims regarding the holding of his mail and deliberate indifference to his mental health/safety.  *Id.*

Upon initial review of the Complaint pursuant to 28 U.S.C. § 1915A, the Court, based on a liberal reading of Plaintiff's allegations detailed below, found that he had alleged a custom of Louisville Metro Government changing its policy as to what mail is allowed without informing the inmates ahead of time of the policy change, which resulted in Plaintiff being denied a magazine paid for and ordered from Amazon, in violation of his First Amendment rights.[3,4] [R. 6].  The facts pertaining to that continuing claim as alleged by Plaintiff in his verified Complaint are as follows:

> On 3/29/2019; i Thomas Jewell Carr; was "DENIED my (entitled – mailing) at "L.M.D.C"; by the "mail-lady on/or about 8:25 a.m!  As the "mail-lady" was leaving my (Dorm – location) at (J4, Dorm #8, cell #6); "Sgt. Lopez" was entering the dorm to make his "round-check" for the shift.  I called "Sgt. Lopez" to my cell-door to speak with him about the mail-lady "informing – me" that my (Entitled – mail) "has – arrived"; but being that it was a (paid-for by a family-member; ordered and delivered "magazine" from "Amazon"; a "hold" was put on (my) magazine, while "debating"; "rather or not," if they wanted too "randomly" (change L.M.D.C. policies) of "Allowing" magazine's too be "ordered and delivered" to inmate's "without" never posting "Any – memo's" of a "possible – change" in the "policy" to "book's and magazine's" would be "delay or at a freeze.")

---

[3] As the Court indicated in its Memorandum and Order allowing that claim to proceed [R. 6, p. 3], the Louisville Metro Government is the only defendant because (1) the LMDC is not an entity subject to suit under § 1983 and claims against it are against the Louisville Metro Government as the real party in interest, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); and (2) the official-capacity claims against Perez and Lopez are also brought against the Louisville Metro Government, their employer.  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (citation omitted)).

[4] On initial review, the Court dismissed the deliberate indifference claims against Louisville Metro Government and provided Plaintiff with an opportunity to file an amended complaint suing the individual(s), in his/her/their individual capacity(ies), that he claimed denied his constitutional rights by not responding to his requests for help and medication [R. 6, pp. 6-7], but Plaintiff filed no amended complaint.
.

I explained to Sgt. Lopez; that on the date of 3/29/2019; there was "Never any memo's – posted; mail has been paid for and delivered; as well it was my right to have my entitled-mail because on 3/29/2019 no – other "Decision" has been "finalized"; so i would like to have my mail."

Sgt. Lopez (agreed) with my statement made stated quote:  "I never even heard about a "hold" being on "Book and magazine's" or a "possible change in the policy; give me a minute to track it by making a few call's and i will get you your property or some answer's."  Sgt. Lopez; left the dorm; then returned on/about 9:30 a.m! His response was "They saying one of the Lt's or major's have a hold of it; but not say "why" when you're (right), as of today "you are entitled too the material"!  He said he was leaving, but would try to find out more because he did not know! I stated Sgt. will you "please, let me know something by 2 pm before the main staff leave and shift-change or i need something on "record" for 3/29/2019 (paperwork) acknowledging that my mail "Arrived and was paid-for and i was (entitled – too) by L.M.D.C-policy; so there was (no reason) i should have been (Denied) the (right) too my mail on 3/29/2019 for (if) 'New-random-decision was to 'stop book's and magazine's' being ordered and delivered too L.M.D.C – inmate's."

3½ hour's passed and all i seen was the Sgt. and Correction setting outside the door of Dorm #8; playing and laughing at "youtube.video's" on the computer.

[R. 1, pp. 4-6].

In its Motion for Summary Judgment, Defendant argues that Plaintiff has not produced any proof that Louisville Metro Government did not adhere to its policy or changed its policy to divert inmate mail.  [R. 24-1, p. 4].  Defendant attaches LMDC's Inmate Mail Policy, [R. 24-3], to its Motion and maintains that there were no changes in the mail policy in force during Plaintiff's incarceration.  [R. 24-1, p. 1].  Defendant further argues that Plaintiff has not introduced any evidence to establish a policy, custom, or practice on the part of Louisville Metro Government and that his mere allegation that mail was wrongfully withheld does not establish a policy or custom.  *Id.* at 5.

In his sworn Response, Plaintiff asserts as follows:

Plaintiff . . . is unable to provide "proof" that the defendant's had changed policies in inmate mail for the reason being that the defendant's never inforced a change in policy or made any memo's to post informing inmate's to a change; therefore the

3

> policy was NEVER change "legally," and was only "altered" due to an "inspection"
> that LMDC wanted to pass; therefore, Plaintiff . . . was denied his entitled mail
> because LMDC staff did not want inmate's to receive "magazine's" (entitled)
> which contained model's in 2-piece swim suit's, so inmate's would not put the
> picture's on the wall's and cause them to fail the inspection.

[R. 31, p. 4].  He continues:

> [Plaintiff] was verbally told by "staff" at LMDC, that his magazine has arrived; was
> inside the captain's office on his desk; (WHY) his entitled mail was denied (due to
> an upcoming inspection); and informed there was "no-memo" of any changed
> policy in inmate mail, and the policy was "altered" by staff unlegally soley to pass
> an inspection in which they used "tampering with legal-entitled mail for inmate's,"
> as a strategy to pass the inspection."

*Id.* at 5.

Plaintiff requests the Court "to allow the document's (sic) of dated 'inspection's for

LMDC' around the time of incident; as well the date's from which the plaintiff . . . was mailed

'Puff's magazine' (from Amazon); tracking date of which magazine was to arrive, and date

magazine actually arrived to LMDC."  *Id.* at 4.  He also requests a "statement from Officer Mrs.

Walz, whom was the LMDC Jail staff mail lady."[5]  *Id.* at 7.

In its Reply, Defendant asserts that Plaintiff's claim that his mail was improperly

withheld by LMDC personnel in order to pass an inspection, even if not previously disproved,

does not form the basis for municipal liability under *Monell v. New York City Dep't of Soc.*

*Servs.*, 436 U.S. 658 (1978).  [R. 32, pp. 2, 3–5]. Defendant argues that Plaintiff has, at best, only

alleged that the governing LMDC policy was violated by an individual employee or employees

for an impermissible reason. *Id.* at 3–5. Finally, Defendant asserts that, to the extent Plaintiff's

Response could also be construed as a discovery request, it should be denied as untimely. *Id.* at 3

n.11.

---

[5] Plaintiff also requests video footage, photos, and other evidence, but these requests pertain to his already dismissed
claims of deliberate indifference to his mental health/safety.

## II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge its burden by demonstrating the absence of evidence to support an essential element of the nonmoving party's case. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* Ultimately, if the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990).

The fact that Plaintiff is *pro se* does not lessen his obligations under Rule 56. "The liberal treatment of *pro se* pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted). The Sixth Circuit has made clear that, when opposing

summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion"). However, statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

### III.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id.* To state a claim, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body [or entity] under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative

6

> enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  "A municipality 'may not be sued under § 1983 for an injury inflicted solely by its employees or agents.'"  *Id.* (quoting *Monell*, 436 U.S. at 694).

Plaintiff offers no evidence to support municipal liability.  He does not claim that the official mail policy was illegal or the existence of a policy of inadequate training or supervision and does not demonstrate that an official with final decision-making authority ratified illegal actions.  While the Court liberally construed Plaintiff's Complaint, as it must on initial review, as alleging a custom of Louisville Metro Government changing its policy as to what mail is allowed without informing the inmates ahead of time of the policy change, Plaintiff has not, at the summary judgment stage, provided evidence of such a custom or of any custom of tolerating the holding of inmate books and magazines.  Showing a custom of tolerance of or acquiescence to federal rights violations requires "(1) a clear and persistent pattern of misconduct, (2) notice or constructive notice on the part of the municipality, (3) the defendant's tacit approval of the misconduct, and (4) a direct causal link to the violations."  *Nouri v. Cnty. of Oakland*, 615 F. App'x 291, 296 (6th Cir. 2015) (internal quotation marks omitted); *see Burgess*, 735 F.3d at 478 ("A custom-of-tolerance claim requires a showing that there was a pattern of inadequately investigating similar claims.").  Plaintiff fails to make this showing.  He alleges only one instance on one date of his magazine being held or of a purported change in mail policy but no clear and persistent pattern of conduct.

On review of Plaintiff's verified filings, the Court finds that Plaintiff has, at best, demonstrated only that his magazine was placed on hold and not delivered to him on one

occasion, not based on an illegal policy or custom, but in *violation* of the official mail policy in effect. The standard for bringing a § 1983 claim against a municipality is a "high bar," and "[a] *Monell* claim that survives summary judgment is exceedingly rare." *Hanson v. Madison Cnty. Det. Ctr.*, 736 F. App'x 521, 541–42 (6th Cir. 2018); *see also North v. Cuyahoga Cnty.*, 754 F. App'x 380, 392 (6th Cir. 2018) (holding that the inmate failed to show "the kind of widespread, gross deficiencies that would support a finding" of municipal liability).

Because Plaintiff has failed to offer any evidence of a custom or policy on the part of Louisville Metro Government that caused him harm, the Court finds that Plaintiff has failed to show a genuine issue of material fact as to Louisville Metro Government's liability. The Court will, therefore, grant Louisville Metro Government's Motion for Summary Judgment, [R. 24].

As to Plaintiff's request for evidence/discovery, it is not the Court's duty to collect evidence or conduct discovery for a party. To the extent Plaintiff seeks to conduct discovery, the discovery deadline expired over a year ago, [R. 20], and he fails to show good cause to reopen discovery. His Motion for Evidence/Discovery, [R. 31], therefore, will be denied.

## IV.

For the foregoing reasons, **IT IS ORDERED** as follows:

1. Defendant's Motion for Summary Judgment, [**R. 24**], is **GRANTED**.

2. Plaintiff's Motion for Evidence/Discovery, [**R. 31**], is **DENIED**.

The Court will enter a separate judgment dismissing the action.

This the 30th day of September 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:      Plaintiff, *pro se*
           Counsel of record
A958.005